No. 3964

Second Circuit

BROTHERS v. METZGER DAIRIES, INC., ET AL.

(February 26, 1931. Opinion and Decree.)
(April 9, 1931. Rehearing Refused.)

Robert J. O'Neal, of Shreveport, attorney for plaintiff, appellee.

Cook & Cook and C. D. Egan, of Shreveport, attorneys for defendants, appellants.

WEBB, J. Plaintiff, Mrs. Lidie C. Brothers, brought this action against defendants, E. R. Green and Metzger Dairies, Inc., to recover judgment for damages to an automobile owned by her, which resulted from a collision with a truck driven by E. R. Green, an employee of Metzger Dairies, Inc., owner of the truck.

On trial judgment was rendered in favor of plaintiff in the sum of $167.65, with interest from judicial demand, from which judgment defendants appeal; and plaintiff has answered the appeal praying that the judgment be amended and the amount awarded increased to $292.65, as originally demanded.

The collision occurred in the city of Shreveport at the intersection of Samford avenue and Wilkinson street; plaintiff's car approached the intersection from the east on Wilkinson street, and defendant's truck approached from the south on Samford avenue. The driver of the automobile intended turning at the intersection and thence proceeding south on Samford avenue, and the driver of the truck intended crossing the intersection and continuing north on Samford avenue; the collision occurred near the center of the intersection, the front of the truck coming in contact with the left side of the automobile at a point near the front of the car.

The evidence conclusively established that the drivers of the respective vehicles

noted the presence of the other when the truck was about forty feet, and the automobile about fifteen feet from the intersection, at which time the driver of the truck said he applied the brakes, but, thinking that the automobile would stop, he released the brakes. It is apparent that the driver of the truck recognized that the automobile had the right of way, and there is not any evidence in the record which indicates that there was any basis for the assumption that the driver of the automobile would stop, and, the evidence establishing that the truck could have been stopped within a distance of ten feet, it is apparent that the collision was due to the fault of the truck driver, and that he and his employer were properly held liable for the damage to the automobile.

Relative to the quantum of damages, the record shows that allowance was made for the estimated cost of repairs, which included replacement of the left front fender and left running board, and repairing the left front door; and plaintiff complains of the refusal of the court to also allow $125 to have the car repainted. The basis of the claim is that, with a new fender and running board, and the left front door repainted, the car would not be presentable. But aside from the proof that the paint on the car was somewhat faded and would not blend with new paint, there is not any proof that the car would not be presentable, and, in the absence of evidence that the gloss could not be removed from the new paint and made to blend with the old, the demand for an allowance to have the car repainted was properly rejected.

The judgment is affirmed, at appellant's cost.